MARK J. PETROCCHI
State Bar No. 15851750
GRIFFITH, JAY & MICHEL, LLP
2200 Forest Park Blvd.
Fort Worth, TX 76110
Phone (817) 926-2500
Fax (817) 926-2505
mpetrocchi@lawgjm.com

COUNSEL FOR THE DEBTORS

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WHOLESALE PROPERTIES I, LLC | § | CASE NO. 10-31787-11 |
| WHOLESALE PROPERTIES II, LLC | § | CASE NO. 10-31790-11 |
| | § | |
| | § | REQUEST FOR ADMINISTRATIVE |
| | § | CONSOLIDATION PENDING |
| DEBTORS. | § | HEARING SCHEDULED: |
| | § | REQUESTED |

## MOTION FOR AUTHORITY TO USE CASH COLLATERAL

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COME NOW WHOLESALE PROPERTIES I, LLC ("WP1") and WHOLESALE PROPERTIES II, LLC ("WP2") (WP1 and WP2 are hereafter sometimes referred to collectively the "Debtors"), and file this Motion for Authority to Use Cash Collateral and in support thereof would respectfully show the Court as follows:

### JURISDICTION

1. This court has jurisdiction over this motion pursuant to 28 U.S.C. §157 and §1334. This is a core proceeding pursuant to 28 U.S.C §§157(b)(2)(A), (M) and (O).

2. This matter is governed primarily by 11 U.S.C. §363.

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL** - Page 1

3. The purpose of this cash collateral motion is to request the use to continue cash for the purpose of sustaining the operations of the Debtors. The cash is subject to the liens and alleged liens of GP Warehouse Funding, LLC ("GPWF"), Wholesale Petroleum Partners, L.P. ("WPPLP"), and ad valorem taxing authorities ("Taxing Authorities"). In addition, Debtors believe that Suellen Trunnell ("Trunnell"), Valor, LLC ("Valor"), and Wholesale Petroleum Distribution, LLC ("WPD") may also claim an interest in cash collateral of the Debtors. Finally, the Debtors believe that Hinderliter Construction Inc. ("Hinderliter") may claim a mechanics' lien in the certain of the Debtors' properties.

## BACKGROUND FACTS

4. The Debtors filed Voluntary Petitions for relief under provisions of Chapter 11 of Title 11 on or about March 12, 2010.

5. The Debtors continue to operate each of their businesses as a Debtor-in-Possession pursuant to §1107 and §1108.

6. Debtor WP1 is the fee simple owner or ground lessee of following real property and improvements (hereafter collectively the "WP1 Real Property"):

(a) 1710 East Parrish Avenue, Owensboro, Daviess County, Kentucky;

(b) 1734 East Parrish Avenue, Owensboro, Daviess County, Kentucky;

(c) 431 Breckenridge Street, Owensboro, Daviess County, Kentucky; and

(d) 1773 South Green Street, Henderson, Henderson County, Kentucky (hereafter referred to individually as the "WP1 Ground Lease Property").

7. Debtor WP2 is the fee simple owner or ground lessee of following real property and improvements (hereafter collectively the "WP2 Real Property"):

(a) Hwy 61 & 68, Lynnville, Warrick County, Indiana;

(b) 8510 Hwy 66, Blairsville, Posey County, Indiana;

(c) 7397 U.S. Hwy 60 W, Stanley, Daviess County, Kentucky (also known as 7411 U.S. Hwy. 60 W, Owensboro, Daviess County, Kentucky);

(d) 4123 Frederica St., Owensboro, Daviess County, Kentucky (hereafter referred to individually as the "WP2 Ground Lease Property");

(e) 489 U.S. Hwy 41, Sebree, Webster County, Kentucky;

(f) 10000 Main St., Whitesville, Daviess County, Kentucky;

(g) 5464 KY Highway 144, Owensboro, Daviess County, Kentucky;

(h) 285 US Hwy 60 E, Hawesville, Hancock County, Kentucky;

(i) 2101 W. Parrish Ave., Owensboro, Daviess County, Kentucky; and

(j) 3310 W. 2nd St., Owensboro, Daviess County, Kentucky.

8. The Debtors each lease and/or operate the WP1 Real Property and WP2 Real Property for use as convenience stores and fuel distribution businesses.

## LOAN FROM GP WAREHOUSE FUNDING, LLC (1st Lien)

### *GPWF-WP1 Loan*

9. On or about May 11, 2006, Debtor WP1 and Wholesale Petroleum, Inc. ("WPINC"), it former parent entity, entered into a loan agreement for the amount of $2,000,000.00 (the "GPWF-WP1 Loan") with Grand Pacific Finance Corporation ("Grand Pacific"), GPWF's predecessor-in-interest, for the refinancing of the WP1 Real Property.

10. By Assignment dated November 16, 2009, Grand Pacific assigned its interest in the GPWF-WP1 Loan to GPWF by execution of an Assignment of Note, Mortgage and Security Documents, which was filed of record in the Office of the Clerks of Daviess County and Henderson County, Kentucky. Consequently, GPWF is the holder of the GPWF-WP1 Loan and

is the party entitled to enforce its terms, and thus is the true party in interest.

11. Such GPWF-WP1 Loan is evidenced by, among other instruments and documents, a Promissory Note, dated May 11, 2006, in the original principal amount of $2,000,000.00 (the "WP1 Note").

12. Such WP1 Note provides that WP1 shall pay to GPWF Lender a monthly installment payment of principal and interest in an amount equal to the then outstanding principal balance under this Note amortized over a twenty-five (25) year term based upon the

13. In addition, the GPWF-WP1 Loan is secured by, among other instruments and documents, the following (hereafter collectively the "WP1-GPWF Security Documents"):

(a) Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated May 11, 2006, on the WP1 Real Property, as executed by WP1 in favor of Grand Pacific and recorded at Book 1504, Page 583 of the Real Property Records of Daviess County, Kentucky;

(b) Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated May 11, 2006, on the WP1 Leasehold Property, as executed by WP1 in favor of Grand Pacific and recorded at Book 938, Page 1009 of the Real Property Records of Henderson County, Kentucky, relating to real property and improvements located at 1773 South Green Street, Henderson, Henderson County, Kentucky;

(c) Assignment of Leases and Rents, dated May 11, 2006, on the WP1 Ground Lease Property; and

(d) Assignment of Leases and Rents, dated May 11, 2006, on the remaining WP1 Real Property.

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL** - Page 4

14. On or about May 11, 2006, to further perfect its security interest in WP1 Real Property and the improvements, fixtures, and equipment located thereon, GPFW filed a UCC Fixture Filing Financing Statements (the "WP1 UCC Financing Statements"). The WP1 UCC Financing Statements were filed of record with the Office of the Clerks of Daviess County and Henderson County, Kentucky.

### *GPWF-WP2 Loan*

15. On or about May 11, 2006, Debtor WP2 and WPINC entered into a loan agreement for the amount of $4,500,000.00 (the "GPWF-WP2 Loan") with Grand Pacific, GPWF's predecessor-in-interest, for the refinancing of the WP2 Real Property.

16. By Assignment dated November 16, 2009, Grand Pacific assigned its interest in the GPWF-WP2 Loan to GPWF by execution of an Assignment of Note, Mortgage and Security Documents, which was filed of record in the Offices of the Clerks of Daviess County, Webster County, and Hancock County, Kentucky, and Posey County and Warrick County, Indiana. Consequently, GPWF is the holder of the GPWF-WP2 Loan and is the party entitled to enforce its terms, and thus is the true party in interest.

17. Such GPWF-WP2 Loan is evidenced by, among other instruments and documents, a Promissory Note, dated May 11, 2006, in the original principal amount of $4,500,000.00 (the "WP2 Note").

18. In addition, the GPWF-WP2 Loan is secured by, among other instruments and documents, the following (hereafter collectively the "WP2-GPWF Security Documents"):

    (a) Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated May 11, 2006, executed by WP2 and recorded as Document 2006R-006106 of the Real Property Records of Warrick County, Indiana, relating to real

property and improvements located at Highways 68 and 61, Lynnville, Warrick County, Indiana;

(b) Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated May 11, 2006, executed by WP2 and recorded as Document 200602151 of the Real Property Records of Posey County, Indiana, relating to real property and improvements located at 8510 Highway 66, Blairsville, Posey County, Indiana;

(c) Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated May 11, 2006, executed by WP2 and recorded at Book 1504, Page 634 of the Real Property Records of Daviess County, Kentucky, relating to real property and improvements located at 7397 U.S. Highway 60 West, Stanley, Daviess County, Kentucky; 10000 Main Street, Whitesville, Daviess County, Kentucky; 5464 Kentucky Highway 144, Owensboro, Daviess County, Kentucky; 2101 W. Parrish Avenue, Owensboro, Daviess County, Kentucky; and 3310 West Second Street, Owensboro, Daviess County, Kentucky;

(d) Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated May 11, 2006, executed by WP2 and recorded at Book 1504, Page 691 of the Real Property Records of Daviess County, Kentucky, relating to real property and improvements located at 4123 Frederica Street, Owensboro, Daviess County, Kentucky;

(e) Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated May 11, 2006, executed by WP2 and recorded at M158, Page 381 of the Real Property Records of Hancock County, Kentucky, relating to real property

and improvements located at 285 U.S. Highway 60 East, Hawesville, Hancock County, Kentucky; and

(f) Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated May 11, 2006, executed by WP2 and recorded at MTGBK 255, Page 730 of the Real Property Records of Webster County, Kentucky, relating to real property and improvements located at 489 U.S. Highway 41 North, Sebree, Webster County, Kentucky.

(g) Assignment of Leases and Rents, dated May 11, 2006, on the WP2 Ground Lease Property;

(h) Assignment of Leases and Rents, dated May 11, 2006, on the WP2 Real Property located in Posey County, Indiana;

(i) Assignment of Leases and Rents, dated May 11, 2006, on the WP2 Real Property located in Warrick County, Indiana;

(j) Assignment of Leases and Rents, dated May 11, 2006, on the WP2 Real Property located in Daviess County, Kentucky;

(k) Assignment of Leases and Rents, dated May 11, 2006, on the WP2 Real Property located in Hancock County, Kentucky;; and

(l) Assignment of Leases and Rents, dated May 11, 2006, on the WP2 Real Property located in Webster County, Kentucky.

19. On or about May 11, 2006, to further perfect its security interest in WP2 Real Property and the improvements, fixtures, and equipment located thereon, GPFW filed UCC Fixture Filing Financing Statements (the "WP1 UCC Financing Statements"). The WP1 UCC Financing Statements were filed of record with the Offices of the Clerks of Daviess County,

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL** - Page 7

Webster County, and Hancock County, Kentucky, and Posey County and Warrick County, Indiana.

20. Based on the terms and provisions of the GPWF-WP1 Loan and the GPWF-WP2 Loan, including the GPWF-WP1 Security Documents and the GPWF-WP2 Security Documents, GPWF has asserted a security interest in, and lien upon, the rents, accounts receivable and other cash collateral of the Debtors.

## LOAN FROM WHOLESALE PETROLEUM PARTNERS, L.P. (2nd Lien)

21. In addition to the GPWF-WP1 Loan and the GPWF-WP2 Loan, the Debtors are currently indebted to Wholesale Petroleum Partners, L.P. ("WPPLP") in the amount of $1,403,834.01 (hereafter referred to as the "WPPLP Loan") pursuant to the terms and provisions of the Amended and Restated Loan Agreement dated December 31, 2008 ("WPPLP Loan Agreement"). Interest continues to accrue on such indebtedness at the default rate of Eighteen Percent (18%).

22. Such WPPLP Loan is evidenced by Amended and Restated Secured Promissory Note, dated December 31, 2008, of Wholesale Petroleum, Inc.; Wholesale Properties I, LLC; Wholesale Properties II, LLC; and Quality Oil Company, Inc., in the principal amount of $1,388,527.19 (the "WPPLP Note").

23. The WPPLP Note provides for monthly installments of interest at the rate of Fifteen percent (15%) due and payable beginning on December 1, 2008 and a like installment shall be due on the same day of each succeeding calendar month thereafter until November 4, 2009, on which maturity date all unpaid principal and accrued, unpaid interest shall be due and payable.

24. However, on or about January 25, 2009, the debtors defaulted on such WPPLP Note and have been unable to cure such default as required thereby. Under the terms of the WPPLP Note, upon default, interest runs at the rate of Eighteen percent (18%).

25. The WPPLP Loan is secured by certain agreements, contracts, assignments, pledges, instruments, and other documents, including but not limited to, the following:

- (a) Amended and Restated Security Agreement, dated December 31, 2008, executed by Wholesale Petroleum, Inc.; Wholesale Properties I, LLC; Wholesale Properties II, LLC; and Quality Oil Company, Inc. (the "WPPLP Security Agreement");

- (b) Amended and Restated Security Agreement (LLC Membership Interests) dated December 31, 2008, executed by Wholesale Petroleum, Inc. (the "WPPLP LLC Security Agreement");

- (c) Unlimited Guaranty, dated December 31, 2008, executed by Wholesale Properties I, LLC and Wholesale Properties II, LLC;

- (d) Limited Guaranty dated December 31, 2008, executed by Charles "Larry" Clark and Lyndon Northern;

- (e) Assignment of Assignment and Pledge of Leases by Onyx Energy America, LLC to Wholesale Petroleum Partners, L.P. ("WPPLP Lease Assignment");

- (f) Mortgage dated October 30, 2008 from Wholesale Properties II, LLC to Onyx Energy America, LLC, being recorded at Book 1666, Page 78 in the mortgage records of Daviess County, Kentucky, regarding the six (6) tracts of real property and improvements thereon as described therein, and being located at: 3310 West Second Street, Owensboro, Kentucky; 2101 W. Parrish Avenue, Owensboro, Kentucky; 5464 Ky. Hwy 144, Owensboro, Kentucky; 10000 Main Street,

Whitesville, Kentucky; 7297 U.S. Highway 60 West, Stanley, Kentucky; and 4123 Frederica Street, Owensboro, Kentucky, as assigned to WPPLP by the Assignment of Mortgage, dated December 12, 2008;

(g) Mortgage dated October 30, 2008 from Wholesale Properties II, LLC to Onyx Energy America, LLC, being recorded at Book 1666, Page 61 in the mortgage records of Daviess County, Kentucky, regarding the three (3) tracts of real property and improvements thereon as described therein, and being located at: 1710 and 1734 East Parrish Avenue, Owensboro, Kentucky; 431 Breckinridge Street, Owensboro, Kentucky; and 1505 Wing Avenue, Owensboro, Kentucky, as assigned to WPPLP by the Assignment of Mortgage, dated December 12, 2008;

(h) Mortgage dated October 30, 2008 from Wholesale Properties II, LLC to Onyx Energy America, LLC, being recorded at Book MTG 278, Page 679 in the mortgage records of Webster County, Kentucky, regarding the real property and improvements thereon as described therein, and being located at 489 U. S. Highway 40 North, Sebree, Kentucky, as assigned to WPPLP by the Assignment of Mortgage, dated December 12, 2008;

(i) Mortgage dated October 30, 2008 from Wholesale Properties II, LLC to Onyx Energy America, LLC, being recorded at Book M174, Page 178 in the mortgage records of Hancock County, Kentucky, regarding the real property and improvements thereon as described therein, and being located at 285 U.S. Highway 60 East, Hawesville, Kentucky, as assigned to WPPLP by the Assignment of Mortgage, dated December 12, 2008;

(j) Mortgage dated October 30, 2008 from Wholesale Properties II, LLC to Onyx Energy America, LLC, being recorded at Book 1013, Page 91 in the mortgage records of Daviess County, Kentucky, regarding the real property and improvements thereon as described therein, and being located at 1773 South Green Street, Henderson, Kentucky, as assigned to WPPLP by the Assignment of Mortgage, dated December 12, 2008;

(k) Mortgage dated October 30, 2008 from Wholesale Properties II, LLC to Onyx Energy America, LLC, being recorded as Document No. 200804586 in the mortgage records of Posey County, Indiana, regarding the real property and improvements thereon as described therein, and being located at 8510 Highway 66, Blairsville, Indiana 47638, as assigned to WPPLP by the Assignments of Mortgage, dated December 12, 2008 and January 22, 2010; and

(l) Mortgage dated October 30, 2008 from Wholesale Properties II, LLC to Onyx Energy America, LLC, being recorded as Document No. 2008R-009977 in the mortgage records of Warrick County, Indiana, regarding the real property and improvements thereon as described therein, and being located at State Highway 61 and 68, Lynnville, Indiana 47619, as assigned to WPPLP by the Assignments of Mortgage, dated December 12, 2008 and January 22, 2010; and

(m) Assignment of WPI Commercial Promissory Note, dated April 17, 2009, from Onyx to WPPLP, regarding Commercial Promissory Note in the original Principal Amount of $350,000.00, as evidence by that UCC-1 Financing Statement, File Number 2006-2176201-07, originally filed on June 20, 2006 and amended as to Onyx on January 27, 2009, and amended as to WPPLP on April 28, 2009

(such documents being hereafter referred to collectively as the "<u>WPPLP Security Documents</u>").

26. In addition, on or about November 20, 2008 and March 12, 2009, WPPLP perfected its security interests in the collateral securing the WPPLP Loan, including the cash collateral, by the filing of its UCC-1 Financing Statements with the Kentucky Secretary of State.

27. Based on the terms and provisions of the WPPLP Loan Agreement, the WPPLP Note, and the WPPLP Security Documents, WPPLP has asserted a security interest in, and lien upon, the rents, accounts receivable and other cash collateral of the Debtors.

## **LOAN – SUELLEN TRUNNELL (3rd Lien)**

28. In addition, Suellen Trunnell ("Trunnell") has asserted a secured claim against the Debtors arising of out a Promissory Note, dated October 30, 2008, from the Debtors and WPI in the original principal amount of $1,050,000.00 (the "Trunnell Loan").

29. Trunnell has asserted that the Trunnell Loan is secured by the following mortgages (the "Trunnell Mortgages"):

(a) Mortgage, dated October 30, 2008, by WP1 to Trunnell, being recorded at Book 1666, Page 66 in the mortgage records of Daviess County, Kentucky, regarding the three (3) tracts of real property and improvements thereon as described therein, and being located at: 1710 and 1734 East Parrish Avenue, Owensboro, Kentucky; 431 Breckinridge Street, Owensboro, Kentucky; and 1505 Wing Avenue, Owensboro, Kentucky;

(b) Mortgage dated October 30, 2008 from WP2 to Trunnell, being recorded at Book 1666, Page 86 in the mortgage records of Daviess County, Kentucky, regarding the six (6) tracts of real property and improvements thereon as described therein, and being located at: 3310 West Second Street, Owensboro, Kentucky; 2101 W.

Parrish Avenue, Owensboro, Kentucky; 5464 Ky. Hwy 144, Owensboro, Kentucky; 10000 Main Street, Whitesville, Kentucky; 7297 U.S. Highway 60 West, Stanley, Kentucky; and 4123 Frederica Street, Owensboro, Kentucky;

(c) Mortgage dated October 30, 2008 from Wholesale Properties II, LLC to Trunnell, being recorded in the mortgage records of Daviess County, Kentucky, regarding the real property and improvements thereon as described therein, and being located at 489 U. S. Highway 40 North, Sebree, Kentucky;

(d) Mortgage dated October 30, 2008 from Wholesale Properties II, LLC to Trunnell, being recorded in the mortgage records of Hancock County, Kentucky, regarding the real property and improvements thereon as described therein, and being located at 285 U.S. Highway 60 East, Hawesville, Kentucky;

(e) Mortgage dated October 30, 2008 from Wholesale Properties II, LLC to Trunnell, being recorded in the mortgage records of Henderson County, Kentucky, regarding the real property and improvements thereon as described therein, and being located at 1773 South Green Street, Henderson, Kentucky;

(f) Mortgage dated October 30, 2008 from Wholesale Properties II, LLC to Trunnell, being recorded in the mortgage records of Posey County, Indiana, regarding the real property and improvements thereon as described therein, and being located at 8510 Highway 66, Blairsville, Indiana 47638; and

(g) Mortgage dated October 30, 2008 from Wholesale Properties II, LLC to Trunnell, being recorded in the mortgage records of Warrick County, Indiana, regarding the real property and improvements thereon as described therein, and being located at State Highway 61 and 68, Lynnville, Indiana 47619.

30. Debtors would show that the Trunnell Mortgages do not contain any language or provisions purporting to grant to Trunnell any security interest in, or lien upon, any rents or other cash collateral of the Debtors.

31. As such, Debtors do not believe that Trunnell has or holds a lien that attaches to cash collateral.

### WHOLESALE PETROLEUM DISTRIBUTION, LLC (Alleged 4th Lien)

32. In addition, Wholesale Petroleum Distribution, LLC ("WPD") has asserted a secured claim against the Debtors arising of out a Promissory Note, dated October 30, 2008, from the Debtors and WPI in the original principal amount of $1,125,000.00 (the "WPD Loan").

33. WPD has asserted that the WPD Loan is secured by certain mortgages on the WP1 Real Property and the WP2 Real Property.

34. However, on December 1, 2009, the debtors and WPD entered into a Settlement Agreement (the "WPD Settlement Agreement") whereby WPD, in consideration for the releases, promises, covenants, and agreements as set forth therein, as well as the payments previously paid to WPD by WPI in connection with the WPD Loan, WPD acknowledged and agreed that the WPD Loan, and all obligations and indebtedness evidenced thereby, would be, and thereby was, declared to be satisfied and paid in full.

35. As such, under the terms of such WPD Settlement Agreement, WPD released any and all of the WPD Mortgages alleged to secure the WPD Loan.

36. As a result of the WPD Settlement Agreement and the releases of the WPD Mortgages as provide for thereunder, the Debtors assert that WPD has no claim, secured or otherwise, against the Debtors.

37. Further, even if the Court ultimately determines that WPD has any remaining secured claim against the Debtors arising out of the WPD Mortgages, Debtors would show that the WPD Mortgages do not contain any language or provisions purporting to grant to WPD any security interest in, or lien upon, any rents or other cash collateral of the Debtors.

38. As such, Debtors do not believe that Trunnell has or holds a lien that attaches to cash collateral.

### HINDERLITER CONSTRUCTION, INC. (Alleged Lien)

39. Hinderliter Construction, Inc. ("Hinderliter") has also filed and asserted mechanic's lien claims against certain of the WP1 Real Property in the alleged amount of $10,733.03 and the WP2 Real Property in the alleged amount of $33,225.28.

40. However, Debtors have asserted that they did not contract for the performance of the services made the subject of the mechanic's liens and has therefore disputed the validity of such mechanic's liens filed by Hinderliter.

41. Further, even assuming such Mechanic's Lien are valid and have been validly file and perfected, such filings do not constitute a lien against cash collateral.

### VALOR, INC. (Purchase Money Security Interests)

42. Debtor would further show that Valor, LLC ("Valor") has asserted various security interests and liens for equipment, machinery, and fixtures installed or provided by Valor at or on the WP1 Real Property and the WP2 Real Property in the amount of $79,785.70 arising in connection with the terms of the Amended Petroleum Marketing Agreement ("PMA") entered into between the Debtors, Valor, WPPLP and FFD.

43. However, such liens do not include any grant of any interest in cash collateral.

### TAXING AUTHORITIES

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL** - Page 15

44. The Debtors would further show that, under Kentucky law, the following taxing authorities (the "Taxing Authorities") have or may assert liens against the WP1 Real Property and the WP2 Real Property for *ad valorem* taxes for 2010:

City of Owensboro, Kentucky
Daviess County, Kentucky
Daviess County Public Schools
Daviess County PVA
City of Henderson, Kentucky
Henderson County, Kentucky
City of Sebree, Kentucky
City of Whitesville, Kentucky
Webster County, Kentucky
Webster County Public Schools
City of Hawesville, Kentucky
Hancock County, Kentucky
Hancock County Public Schools
Posey County, Kentucky
Warrick County, Kentucky

43. The Debtors do not believe that these Taxing Authorities have a lien on cash collateral, however, to the extent that they have a lien on cash collateral, the Debtors believe that any cash collateral order should specifically not impact the validity and priority of the liens with respect to those claims other than to authorize the use of cash collateral.

44. GPWF, WPPLP, Trunnell, WPD and Valor are hereafter sometimes referred to collectively as the "Secured Lien Creditors".

## RELIEF REQUESTED

45. The Debtors seek interim and final approval to use cash collateral pursuant to Section 363(a) and the other provisions of the United States Bankruptcy Code.

46. It is the intention of the Debtors that a budget will be submitted in connection with the proposed final use of cash collateral and that at a subsequent hearing, the Debtors will request that the Court approve final authority to use cash collateral.

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL** - Page 16

47. By this Motion, the Debtors request authority to use cash collateral on an interim basis.

48. By this Motion, the Debtors also request authority for the final use of cash collateral. This request is intended to remain outstanding beyond any interim cash order such that no additional motion must be filed during the pendency of authority to use cash pursuant to an interim order.

49. It is the intention of the Debtors that contemporaneously with this motion, a budget or budgets will be submitted to Secured Lien Creditors for consideration. The Debtors are not attempting to circulate the budget to the Taxing Authorities to the extent that those creditors may have liens on cash collateral.

50. However, if those Taxing Authorities contact the undersigned, a copy of the budget will be promptly provided to each of them. That budget may be subject to a revision up to and until the time that consideration is requested from the secured creditor and the court.

51. It is the intention of the Debtors that the interim use of cash collateral be limited to only those expenses that are actual and necessary in connection with the continued operation of the businesses of the Debtors.

52. Counsel for the Debtors has not yet had an opportunity to review all of the lien records in connection with these allegedly secured obligations.

## ADEQUATE PROTECTION

53. Based upon the value of the assets of the Debtors, the Debtors believe that the collateral pledged to the GPWF, WPPLP and Trunnell provide each of those creditors an equity cushion sufficient to protect such creditors for the use of cash. Additionally, the cash being used in this matter is intended to directly benefit the WP1 Real Property, WP1 Real Property, and

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL** - Page 17

other collateral pledged to GPWF, WPPLP and Trunnell.

54. The Debtors are prepared to offer fair protection to GPWF, WPPLP and Trunnell, included but not limited to providing regular reporting consistent with the reporting provided to the United States Trustee, reasonable additional reporting generally prepared by the Debtors or which may be prepared by the Debtors without undue burden.

55. The Debtors seek authority to use cash collateral consistent with a budget approved by the Court.

56. The Debtors seek additional authority to use cash collateral consistent with the actual consent of GPWF, WPPLP and Trunnell if a request from variance from the cash collateral order is requested and granted by GPWF, WPPLP and Trunnell.

57. The Debtors believe that it is appropriate for GPWF, WPPLP and Trunnell to be allowed to approve additional use of cash collateral by consent without further notice to creditors and parties in interest.

58. The Debtors intend to provide to the Secured Lien Creditors those reports furnished to the United States Trustee simultaneously with the submission of those reports to the Trustee.

**WHEREFORE, PREMISES CONSIDERED**, the Debtors pray that, in the event no agreement can be reached with GPWF, WPPLP and Trunnell for the submission of a new budget; that the budget approved by the Court is substantially similar to that budget attached hereto as Exhibit "A" or a portion thereof; that the Court consider the authority to use cash and enter a budget for the use of cash; and for such other and further relief as is just and equitable.

Respectfully submitted,

GRIFFITH, JAY & MICHEL, LLP

By:*/s/Mark J. Petrocchi*
Mark J. Petrocchi

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL** - Page 18

State Bar No. 15851750
2200 Forest Park Blvd.
Fort Worth, TX  76110
Direct Dial (817) 926-9060
Phone (817) 926-2500
Fax (817) 926-2505
mpetrocchi@lawgjm.com
COUNSEL FOR THE DEBTOR

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that he communicated with Erin Schmidt with the office of the U.S. Trustee and the U.S. Trustee has not agreed to the relief requested pending a review of the motion.  The Trustee does not oppose the matter being considered on an expedited basis.  An email was received from Michael McClain on behalf of GP Warehouse Funding, LLC.  He is unavailable on Wednesday.  No agreement was reached.  No agreement was reached with GP Warehouse Funding, LLC.   No effort has been made to communicate with the ad valorem taxing authorities in advance.  The undersigned also attempted to contact Anthony Petrocchi and spoke with Chris Neil.  Anthony Petrocchi is unavailable this week and no agreement was reached in connection with the alleged liens of Wholesale Petroleum Distribution, LLC and no specific agreement has been reached at this time.  The undersigned spoke with Thomas Carrol and then Russ Wilkey re the liens of Suellen Trunnell and the undersigned spoke with the office of Eric Liepins.  He will be unavailable from Wednesday until the end of the week.  No agreement was reached.

The undersigned has also attempted to contact Suellen Trunnell, but has been unable to do so with respect to this motion.

*/s/Mark J. Petrocchi*
Mark J. Petrocchi

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a true and correct copy of the above and foregoing document to be served upon those parties registered on the ECF filing system of the court and upon those parties listed on the attached Service List on this the 15th day of  March 2010 via regular United States mail, properly addressed and postage prepaid.

*/s/Mark J. Petrocchi*
Mark J. Petrocchi